**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff,*
Jaime Gallo

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAIME GALLO,**<br><br>             Plaintiff,<br><br>        vs.<br><br>**FIDELITY CAPITAL HOLDINGS, INC. d/b/a FIDELITY CREDITOR SERVICE,**<br><br>             Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ.; AND**<br><br>**(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///
///
///
///
///

- 1 -
COMPLAINT

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. The California legislature has also found that the collection of debt purchased by debt buyers has become a significant focus of public concern due to the adequacy of documentation required to be maintained by the industry in support of collection activities and litigation.  In that regard, setting specific documentation and process standards will protect consumers, provide needed clarity to courts, and establish clearer criteria for debt buyers and the collection industry.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4.  Plaintiff JAIME GALLO ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of FIDELITY CAPITAL HOLDINGS, INC. d/b/a FIDELITY CREDITOR SERVICE ("Defendant") with regard to attempts by Defendant to unlawfully, fraudulently, and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

5.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6.  While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7.  Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8.  Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9.  Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

**JURISDICTION AND VENUE**

10. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k) and this Court has supplemental jurisdiction over related state law and common law claims asserted herein pursuant to 28 U.S.C. § 1367.

11. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, et seq. ("RFDCPA").

12. Because Defendant conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant is also located within this judicial district and conducted business within this judicial district at all times relevant.

### PARTIES

14. Plaintiff is a natural person who resides in the County of Los Angeles, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.  In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendant is, and at all times mentioned herein was, a California corporation whose primary corporate address is the City of Glendale, County of Los Angeles, in the State of California and conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

16. Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the County of San Bernardino in the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

20. Sometime before September 2020, Defendant claims Plaintiff incurred financial obligations to an original creditor, Pacific Hospital of the Valley, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(6).

21. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Afterwards, the alleged debt was assigned, placed, or otherwise transferred to Defendant for collection.

22. Defendant sent Plaintiff a dunning letter, dated September 11, 2020, which claimed that Plaintiff owed an account balance of $3,316.15 to the original creditor, Pacific Hospital of the Valley.  Plaintiff disputes this alleged debt and contends that this alleged debt was paid by Plaintiff in full to the original creditor and that no debt is owed to either the original creditor or Defendant.

23. This letter from Defendant was a "communication" as defined under 15 U.S.C. §1692a(2) and constituted "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

24. Within 30 days of Plaintiff's receival of Defendant's debt collection letter, Plaintiff responded by sending a letter to Defendant via Certified Mail on September 22, 2020 disputing the validity of the debt and requesting verification of the debt.

25. Despite Plaintiff's written dispute and request for validation, Defendant did not

cease its debt collection activities and continued to call Plaintiff in attempt to collect the alleged debt and threatened to report the alleged debt to the credit bureaus before Defendant provided Plaintiff with verification of the debt.

26. For example, Defendant called Plaintiff in attempt to collect upon the alleged debt on October 2, 2020 at approximately 8:52 a.m. PST despite Plaintiff's dispute and request for verification of the alleged debt.

27. In fact, Defendant did not send any written communication purporting to verify the alleged debt until on or around October 23, 2020 when it sent Plaintiff an additional debt collection letter claiming a different amount of $3,350.17 was now owed.

28. By failing to cease debt collection activity before obtaining and mailing Plaintiff such verification, Defendant violated 15 U.S.C. § 1692g(b) of the FDCPA.

29. Through this communication and conduct, Defendant also violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect an alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, through the same conduct Defendant also violated Cal. Civ. Code § 1788.17 of the RFDCPA.

30. In addition, through the above-alleged conduct, Defendant also violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, through the same conduct Defendant also violated Cal. Civ. Code § 1788.17 of the RFDCPA.

31. Through the above-alleged conduct, Defendant also violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. This action is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, through the same conduct Defendant also violated Cal. Civ. Code § 1788.17 of

the RFDCPA.

32. Through the above communications, Defendant violated 15 U.S.C. § 1692e(2)(A) by making false representations to Plaintiff regarding the character, amount, or legal status of the debt it claimed to be owed. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant also violated Cal. Civ. Code § 1788.17 of the RFDCPA.

33. Through this communication and conduct, Defendant violated 15 U.S.C. § 1692e and § 1692e(10) of the FDCPA by using false, deceptive, and misleading representations and means in connection with the collection of a debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant also violated Cal. Civ. Code § 1788.17 of the RFDCPA.

34. As a result of Defendant's unfair, oppressive, fraudulent, misleading, deceptive, and abusive conduct in connection with their debt collection activity, Plaintiff was deceived, misled, confused, and has suffered mental anguish by way of stress and frustration. Plaintiff was also inconvenienced and lost time spent investigating the amount of the debt Defendant claimed to be owed in Defendant's misleading, fraudulent, and deceptive debt collection communications.

35. Through all the above-mentioned conduct, Defendant engaged in debt collection activity against Plaintiff in violation of the statutes discussed above. Consequently, Defendant has violated 15 U.S.C. §§ 1692, et seq. and Cal. Civ. Code §§ 1788, et seq.

### CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692, ET SEQ. (FDCPA)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

38.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788, ET SEQ. (RFDCPA)

39.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.  The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

41.  As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment including the following be entered against Defendant:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and

- any and all other relief that this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

42. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 28, 2021                    Respectfully submitted,

                                           **KAZEROUNI LAW GROUP, APC**


                                           By: _s/Mona Amini_____
                                               DAVID J. MCGLOTHLIN, ESQ.
                                               MONA AMINI, ESQ.
                                               *Attorney for Plaintiff*